IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.　　　　　　　　　　　Case Nos.:　　1:92cr1001/AW/GRJ
　　　　　　　　　　　　　　　　　　　　1:19cv324/AW/GRJ

ERIC LOVEL BRENT

---

### **REPORT AND RECOMMENDATION**

This case is before the court on Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (ECF No. 126.)  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After reviewing the record, the undersigned concludes that the petition should be summarily dismissed.

In his § 2255 petition, Petitioner, who is currently incarcerated in a Georgia State Prison, complains about matters surrounding his pending charge for violating his supervised release. Petitioner was originally sentenced to a term of 57 months' imprisonment, followed by five years of supervised release. (*See* ECF No. 91.) The latter term began in 2000. In 2001, the district court issued a warrant after Petitioner allegedly committed several violations of the terms of his supervised release, including two new law violations. (ECF No. 91-1.) The 2001 VOSR petition remains unresolved, and Petitioner complains that the existence of a federal detainer while he is in state custody deprives him of the ability to enroll in certain pre-release programs and lower his security status. (ECF No. 126 at 8.) He asks that the court appoint counsel for him and resolve the issue of the revocation hearing. (*Id.* at 12.)

Petitioner is not seeking to vacate, set aside or correct his sentence. Rather, he seeks to compel this court to conduct a hearing on his violation of supervised release. Therefore, § 2255 is not the proper vehicle to seek the requested relief.

Additionally, the record reflects that the district court addressed a similar request in 2011. In June of 2011, Petitioner filed a "Motion to Allocate Violation of Supervised Release under Rule 32.1" in an attempt to resolve the pending VOSR petition. (ECF No. 96.) The court denied Petitioner's request to be transferred to federal custody for the initiation of a supervised release violation hearing. (ECF No. 103.) Then, as now, Petitioner was in state custody for a state offense which was part of the basis for the pending violation of supervised release.[1] At the time, the district court advised Petitioner that "the Court is not required to conduct a supervised release violation hearing until defendant is taken into custody after he completes his sentence for the state conviction." (*Id.* at 1-2.)

In 2018, Petitioner filed a pleading titled "Motion to Appear," complaining about events concerning his transfer from a Georgia State prison to the Northern District of Florida. He claimed his due process rights were violated because he was not brought before the court for a revocation hearing, and he requested that the motion to appear be granted. (ECF No. 113 at 4.) The motion was stricken because it did not

---

[1] Petitioner states he is serving a term of life without parole. (ECF No. 96.)
Case Nos.: 1:92cr1001/AW/GRJ; 1:19cv324/AW/GRJ

specifically request court action.  (ECF No. 114.)  In any event, Petitioner had not completed his state sentence, and thus the court was not required to conduct the VOSR until that occurred.  (*See* ECF No. 103.)

The instant § 2255 petition is Petitioner's latest attempt to have the pending VOSR petition resolved.  Title 28 U.S.C. § 2255 is not an appropriate vehicle for this request, and he is not entitled to the relief requested.  Therefore, the petition should be denied in its entirety without a hearing.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 126) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 19th day of December, 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 1:92cr1001/AW/GRJ; 1:19cv324/AW/GRJ

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:92cr1001/AW/GRJ; 1:19cv324/AW/GRJ